**No. 62355.**—Duquesne University Tamburitzans *v.* United States, protest 291280–K (Pittsburgh).

Ford, Judge: The suit now before the court involves the importation of certain Yugoslavian national costumes imported by plaintiff corporation and assessed with duty at 50 per centum ad valorem on the costumes and 40 per centum ad valorem on the wool hose, under paragraph 1529 (a) of the Tariff Act of 1930, as modified, and 20 per centum ad valorem, under paragraph 1530 (e), of said act, as modified, on the shoes.

Plaintiff contends the merchandise is entitled to entry free of duty as regalia under the provisions of paragraph 1773 of the Tariff Act of 1930, which covers, *inter alia*—

\* \* \* regalia and gems, where specially imported in good faith for the use and by order of any society incorporated or established solely for religious, philosophical, educational, scientific, or literary purposes, or for the encouragement of the fine arts, or for the use and by order of any college, academy, school, seminary of learning, orphan asylum, or public hospital in the United States, or any State or public library, and not for sale, subject to such regulations as the Secretary of the Treasury shall prescribe; but the term "regalia" as herein used shall be held to embrace only such insignia of rank or office or emblems as may be worn upon the person or borne in the hand during public exercises of the society or institution, and shall not include articles of furniture or fixtures, or of regular wearing apparel, nor personal property of individuals.

At the trial of this case, a photostat of a certified copy of the certificate of incorporation of plaintiff was received as plaintiff's exhibit 1. Steve Kovacev, the assistant director and treasurer of plaintiff, appeared and testified that plaintiff is a nonprofit organization which awards scholarships to deserving undergraduate students with some musical ability; that they are governed by the policies of Duquesne University; and that, in addition to sponsors, money is raised for the scholarship fund by the giving of concerts and lectures, where the costumes are displayed, the background of the costume given as well as a dance given in the costume. The testimony also indicates that the costumes are worn on festive occasions and that some of the costumes have the religious symbol "IHS" engraved or woven thereon. The purpose for which plaintiff was formed, as indicated in plaintiff's exhibit 1, paragraph third, is as follows:

To maintain and create scholarships for students of Duquesne University, for this purpose to promote concerts, musicals, dances and other social functions; to buy, sell, and rent the necessary instruments, costumes and stage equipment; to buy, sell and rent and maintain real property and personal property for the purpose of this corporation.

The issue presented to the court is whether, on the record presented and as summarized above, the plaintiff has established *prima facie* that the merchandise in controversy comes within the provisions of paragraph 1773 of the Tariff Act of 1930, *supra*, for "regalia."

The necessary elements to bring "regalia" within the free provision of said paragraph are—

1. Specially imported in good faith for the use and by order of any society incorporated or established solely for religious, philosophical, educational, scientific, or literary purposes, or for the encouragement of fine arts, or for the use and by the order of any college, academy, school, seminary of learning, orphan asylum, or public hospital in the United States, or any State or public library.

2. Not for sale.

3. Subject to such regulations as the Secretary of the Treasury shall prescribe.

4. The term "regalia," as used therein, shall be held to embrace only such insignia of rank or office or emblems as may be worn upon the person or borne in the hand during public exercises of the society or institution.

5. Shall not include articles of furniture or fixtures, or of regular wearing apparel, nor personal property of individuals.

Based upon the record, it would appear that plaintiff corporation is a philanthropic organization and not one established solely for the purposes enumerated in said paragraph 1773 of the Tariff Act of 1930, *supra.*

In view of the fact that plaintiff corporation is not one contemplated within the purview of paragraph 1773 of said act, we deem it unnecessary to determine whether the other factors necessary for free entry under said paragraph and enumerated above have been complied with.

*In re Ning Yung Benevolent Society,* 4 Treas. Dec. 601, T. D. 23143, G. A. 4953, the Board of General Appraisers (now United States Customs Court) considered whether an importation of Chinese wearing apparel was entitled to free entry as regalia, under paragraph 649 of the Tariff Act of 1897, which contains, for the purpose involved in the instant case, substantially identical language. The Board of General Appraisers held that a benevolent society was not within the purview of paragraph 649 of the Tariff Act of 1897, and the protest was overruled.

Similarly, in the instant case, plaintiff corporation is a philanthropic organization and not one within the purview of paragraph 1773 of the Tariff Act of 1930.

We are of the opinion, and so hold, that the merchandise in controversy is not regalia within the purview of paragraph 1773, *supra,* as claimed by plaintiff, and that it was properly classified by the collector of customs.

The protest is, therefore, overruled, and judgment will be rendered accordingly.